GALLOWAY ET AL. V. CARLISLE ET AL.

1. APPEAL FROM JUDGMENT UNDER ACT OF 1885 — PRESUMPTION AS TO SUFFICIENCY OF THE EVIDENCE.— Where no statement of the evidence is set out in the abstract, in an appeal from a judgment prosecuted under the act of 1885, it will be presumed that the evidence was sufficient to warrant the judgment.

2. CONSEQUENCE OF FAILURE TO EXCEPT TO JUDGMENT ON DEMURRER.
Where no exceptions are reserved to a judgment overruling a de-
murrer, and counsel answer over, all grounds of demurrer are thereby
waived, except the ground that the complaint does not state facts
sufficient to constitute a cause of action.

*Appeal from District Court of La Plata County.*

Messrs. JAMES HOFFMIRE and H. GARBANATI, for appel-
lants.

Messrs. RUSSELL & McCLOSKEY, for appellees.

REED, C.  Appellant Galloway brought a suit in replevin
before a justice of the peace.  Upon a hearing the suit was
dismissed.  This suit was brought upon the bond in replevin
filed in that suit, for alleged damages.  A demurrer was
filed to the complaint, containing several supposed special
grounds.  The demurrer was overruled, and appellants an-
swered at great length.  Exceptions were filed to the an-
swer, which were sustained as to part, which was ordered
stricken out.  A trial was had to the court without a jury,
resulting in a finding for appellees in the sum of $100.
Motion for a new trial was overruled, and judgment for that
amount entered.  No exception was taken to the judgment.
This appeal was taken under the act of 1885.  There was
no transcript of the evidence in the abstract, and it is pre-
sumed that the judgment was warranted by it.  No excep-
tion having been taken to the judgment, we would not be
required to review it, even if we had the evidence.  The
correctness of the judgment under the evidence and plead-
ings is not questioned in argument, nor does it seem to have
been the intention to appeal from the final judgment, but
from the interlocutory judgments upon the demurrer, and
the striking out of a part of the answer.  Counsel for ap-
pellants say: "For a reversal of the judgment, appellants
rely on the first, second, third, fourth and sixth grounds of
their demurrer;" also upon the ruling of the court in strik-

ing out part of the answer. No exception appears of record to the judgment of the court upon the demurrer, and counsel answered over, and went to trial upon the issues made. The want of an exception is fatal as to the judgment upon the first, second, third and sixth grounds of demurrer. The fourth ground was that the complaint did not state facts sufficient to constitute a cause of action. On examination of the allegations of the complaint as contained in the abstract, we think them sufficient, and the judgment of the court in overruling the demurrer correct.

No exception appears to have been taken to the judgment of the court in striking out part of the answer, but we have examined the answer, and think the judgment was warranted. The matter stricken out was irrelevant, and presented no defense. We advise that the judgment be affirmed.

RICHMOND and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

MR. JUSTICE HAYT, having presided at the trial below, did not participate in this decision.